UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Edward Riley, Individually
and on behalf of others similarly situated,

    Plaintiff,                                  Case No.: 8:25-cv-02111-JLB-CPT

v.

Dealer General Supply Company, LLC,

    Defendant.
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
## (COLLECTIVE ACTION)

Plaintiff, Edward Riley, individually and on behalf of others similarly situated, (hereinafter referred to as "PLAINTIFF") pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), by and through his undersigned counsel files this Amended Complaint against the Defendant, Dealer General Supply Company, LLC (hereinafter referred to as "DEFENDANT") and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1441(b).

1

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

3. At all times material herein, Plaintiff was and is a resident of Hillsborough County, Florida.

4. Defendant is a Florida corporation licensed and authorized and doing business within Hillsborough County, Florida. At all times material Defendant was an employer as defined by the FLSA.

5. At all times material herein, Plaintiff was an employee of Defendant pursuant to 29 U.S.C. § 203(e)(1), Defendant was Plaintiff's employer within the meaning of 29 U.S.C. § 203(d), and Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

**GENERAL ALLEGATIONS**

6. At all times material, Defendant willfully violated the Fair Labor Standards Act ("FLSA").

7. Defendant is an "enterprise" as defined by 29 U.S.C. § 203(s)(l)(A) in that it (a) has employees engaged in commerce or has employees handling, selling,

or otherwise working on goods or materials that have been moved in or produced for commerce, or (b) has an annual gross volume of sales made or business done that is not less than $500,000.00.

8. Defendant operates detail shops for multiple automobile dealerships across Florida, including Mazda of Wesley Chapel, as well as dealerships in Lakeland, Tampa, Naples, and other locations. In the course of its operations, Defendant purchases and uses detailing products such as paint, wax, glass cleaner, and chemicals, along with parts and accessories, that are manufactured and shipped from outside the state of Florida. Defendant's services also include installing headlights, tires, weather stripping, and window tinting, the majority of which involve supplies obtained through interstate commerce.

9. Plaintiff personally handled and regularly used such products in the course of his work. Plaintiff also detailed and prepared vehicles manufactured outside the state of Florida, including Mazda, Honda, and other makes, shipped into Florida through interstate commerce.

10. Alternatively, Plaintiff is covered as an individual under the FLSA, 29 U.S.C. § 207(a)(1), because his job duties required him to engage in activities that directly affected interstate commerce, including but not limited to: (a) using paint, chemicals, and wax shipped from out-of-state suppliers; (b) detailing vehicles manufactured and transported from outside Florida; and (c) performing work

essential to the Defendant's multi-state dealership contracts.

11. Plaintiff has retained the undersigned counsel to represent his interest in this action and is obligated to pay them a reasonable fee for their services.

## **FACTS**

12. Plaintiff was employed as a detailer in the automotive detail department beginning in or around January 2024 at a Mazda dealership.

13. In or around April 2025, the detail department was taken over by Defendant, Dealer General, which thereafter became Plaintiff's employer.

14. Plaintiff typically worked 10–12 hours per day, four days a week, totaling 40 to 48 hours per week.

15. Plaintiff was paid a flat rate of $16.00 per vehicle, with each vehicle only counting as "3 hours" of work for compensation purposes, regardless of the actual time spent completing the detail.

16. When Mazda operated the detail department, detailers were compensated at a flat rate of 4.5 hours per vehicle, as each detail typically took 4–5 hours to complete.

17. Under Dealer General, Plaintiff typically earned approximately $600.00 per week despite working 48 or more hours per week, resulting in an effective hourly wage significantly below the Florida minimum wage.

18. Plaintiff did not receive any overtime compensation for hours worked

in excess of forty (40) per week, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.

19. During his employment with Dealer General, when Defendant's supplies ran low, Plaintiff was required to purchase his own paint and detailing supplies out-of-pocket to perform his job duties. While Mazda had previously provided such materials, Dealer General did not, and the cost of these required materials was borne solely by Plaintiff, which further reduced Plaintiff's effective wages below the Federal and Florida minimum wage.

20. On or about June 19, 2025, Plaintiff complained to Site Manager Aaron Williamson that Defendant was unlawfully requiring employees to buy their own paint and supplies and was not properly compensating them.

21. Plaintiff's complaint constituted protected activity under the FLSA.

22. On June 20, 2025, one day after making this complaint, Plaintiff received a phone call from Defendant and was informed that his employment was terminated, allegedly due to "unsatisfactory performance." Defendant's managers, including Williamson, were aware of Plaintiff's complaint at the time they decided to terminate his employment.

23. The close temporal proximity between Plaintiff's protected complaint and his termination establishes a causal connection under the FLSA's anti-retaliation provision.

24. At no time prior to his termination did Plaintiff receive any written warnings, verbal counseling, or performance evaluations suggesting that his job performance was deficient or unsatisfactory.

25. Plaintiff believes his termination was directly motivated by his protected complaint regarding Defendant's unlawful pay practices, including uncompensated overtime and required out-of-pocket expenses for necessary work supplies.

26. Defendant employs detailers at multiple dealership locations and, at all relevant times, was an employer subject to the overtime, minimum wage, and anti-retaliation provisions of the FLSA.

27. As a result of Defendant's unlawful conduct, Plaintiff has suffered damages, including but not limited to unpaid minimum and overtime wages, unreimbursed business expenses, lost income, and other economic and non-economic harm.

28. Upon information and belief, Defendant employed multiple detailers (at least 10 or more) at its various dealership locations, all of whom were subject to the same compensation policies and practices as Plaintiff.

29. These detailers, like Plaintiff, were paid on a flat-rate, per-car basis that did not correspond to the actual hours worked, were regularly required to work in excess of forty (40) hours per week, and were not compensated at the

6

required overtime rate under the FLSA.

30. Defendant also required other detailers to purchase their own paint and detailing supplies out-of-pocket without reimbursement, further reducing their effective wages below the applicable minimum wage.

31. Defendant maintained a centralized payroll and employment policy for its detail departments and knowingly implemented uniform pay practices that failed to compensate detailers for all hours worked and for overtime.

32. Plaintiff is similarly situated to other current and former detailers employed by Defendant within the last three years, and he seeks to represent this group in a collective action under 29 U.S.C. § 216(b).

## COUNT I
## FAIR LABOR STANDARDS ACT (UNPAID OVERTIME)

33. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-two (32).

34. Defendant is subject to the requirements of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

35. Throughout his employment with Defendant, Plaintiff worked in excess of forty (40) hours per week, for which he was not compensated at the overtime rate.

36. The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees, such as Plaintiff, at a rate of not less than

1 ½ times their regular rate of pay for all work performed in excess of forty (40) hours in a work week.

37. Plaintiff is entitled to be paid overtime compensation for all overtime hours worked for Defendant.

38. Defendant's failure to pay Plaintiff overtime at a rate not less than 1 and ½ times the regular rate of pay for work performed in excess of forty (40) hours in a work week, violates the FLSA, 29 U.S.C. §§201 et seq., including 29 U.S.C. § 207.

39. Defendant knew or had reason to know that Plaintiff performed work in excess of forty (40) hours per work week.

40. Defendant's violations of the FLSA were intentional and willful and in reckless disregard of the rights of Plaintiff. Defendant knew that it's conduct was prohibited by the FLSA and/or showed reckless disregard about whether it was.

41. As a direct result of Defendant's violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA and has incurred reasonable attorneys' fees and costs.

42. As a result of Defendant's violations of the FLSA, Plaintiff is entitled to liquidated damages.

43. Plaintiff is entitled to an award of reasonable attorneys' fees and costs

pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant including, but not limited to:

a. Awarding Plaintiff overtime compensation in the amount due to her for the time worked in excess of forty (40) hours per work week as allowable under the FLSA statute of limitations period;

b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c. Awarding prejudgment interest;

d. Awarding reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Determining that the FLSA was violated and an adjudication on the merits of the case;

f. Ordering any other further relief the Court deems just and proper.

## COUNT II
## RETALIATION

44. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-two (32).

45. Plaintiff was terminated from his employment with Defendant as a direct result of, and in retaliation for, his reporting and opposing the above described unlawful conduct.

9

46. The above-described actions of Defendant constitute a violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

47. As a result of the retaliatory actions of Defendant, Plaintiff has suffered damages, including lost wages, benefits, and other remuneration. These losses are permanent or intermittent and will continue into the future.

48. As a result of Defendant's unlawful acts against Plaintiff, he has and will continue to incur damages as well as attorneys' fees and costs.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendant for back pay, unpaid wages, liquidated damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

## COUNT III
## FAIR LABOR STANDARDS ACT - UNPAID OVERTIME
## (COLLECTIVE ACTION)

49. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-two (32).

50. At all times material, Defendant employed numerous individuals who were paid in a similar manner to Plaintiff. Such individuals were similarly situated to Plaintiff with respect to the terms and conditions of their employment.

51. Throughout their employment, individuals similarly situated to

Plaintiff were required to work and did work a substantial number of hours in excess of forty (40) hours per work week.

52. At all times material, Defendant failed to comply with 29 U.S.C. § 201, et seq., in that individuals similarly situated to Plaintiff worked for Defendant in excess of the maximum hours provided by law, but no provision was made by Defendant to compensate such individuals at the rate of time and one-half for hours worked in excess of forty (40).

53. Defendant's failure to pay such similarly situated individuals the required overtime pay was intentional and willful.

54. As a direct and legal consequence of Defendant's unlawful acts, individuals similarly situated to Plaintiff have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff individually and on behalf of others similarly situated, respectfully requests all legal and equitable relief allowed by law, including judgment against Defendant for overtime compensation, liquidated damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and such other relief as the Court may deem just and proper.

## COUNT IV
### FLORIDA STATUTE CHAPTER 448.08 -  UNPAID WAGES

55. Plaintiff re-alleges and adopts, as if fully set forth herein, the

allegations stated in Paragraphs one (1) through thirty-two (32).

56. Plaintiff earned wages and commissions over the course of his employment which are owed and payable by the Defendant pursuant to Florida Statute Chapter 448.08.

57. Plaintiff's claim is for all uncompensated hours worked by Plaintiff that were not overtime hours, including straight-time hours under forty (40) per week that were not fully paid due to Defendant's flat-rate system.

58. Defendant, despite Plaintiff's reasonable attempts to obtain payment of these earned monies, has failed and refused to make payment as required by Florida Statute Chapter 448.08.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendant for back pay, unpaid wages, liquidated damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

## COUNT V
## FAIR LABOR STANDARDS ACT MINIMUM WAGE

59. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-two (32).

60. Plaintiff is entitled to minimum wage for all hours worked pursuant to the FLSA.

61. Defendant failed to compensate Plaintiff at the statutory minimum wage.

62. By reason of the intentional, willful and unlawful acts of the Defendant in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE,** Plaintiff demands judgment against the Defendant for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, prejudgment interest, in addition to all other relief this Court deems just and proper.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 24, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Emily Chase-Sosnoff, Esq. and Chase H. Hale, Esq., JACKSON LEWIS P.C., Wells Fargo Center, 100 S. Ashley Drive, Suite 2200, Tampa, Florida 33602. emily.chase-sosnoff@jacksonlewis.com; chase.hale@jacksonlewis.com; nicole.villa@jacksonlewis.com; tampadocketing@jacksonlewis.com

FLORIN|GRAY

/s/ *Troy E. Longman II*
**Troy Longman II**
Florida Bar No.: 1031921
tlongman@floringray.com
**Wolfgang M. Florin**
Florida Bar No.: 907804
wflorin@floringray.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 220-4000
Facsimile (727) 483-7942
*Attorneys for Plaintiff*